UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In the Matter of the Arbitration

   -between-

COMPAÑÍA ESPAÑOLA DE PETRÓLEOS, S.A.,

         Petitioner,

   -and-

CHIMBUSCO PAN NATION PETRO-CHEMICAL
CO. LTD.,

         Respondent.

__ CV ____ (___)

------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO COMPEL ARBITRATION

  Petitioner, Compañía Española de Petróleos, S.A. ("petitioner" or "CEPSA"), brings this action to compel arbitration under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards, 9 U.S.C. §§ 201 *et seq.*, Chapter 2 of the Federal Arbitration Act ("FAA"), or in the alternative under § 4 of the FAA. An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. "The district courts of the United States … shall have original jurisdiction over such action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

  Enforcement of an arbitration agreement in a contract between two foreign corporations is governed by the Convention. *Atlas Chartering Services, Inc. v. World Trade Group Inc.*, 453 F. Supp. 861 (S.D.N.Y. 1978).

{NY244190.2 }

## FACTS

The facts are more fully set forth in the accompanying Petition and declaration of counsel, James D. Kleiner ("Kleiner Decl.").

In the instant case, petitioner and respondent's December 14, 2021 contract ("Contract") (Kleiner Decl., Exhibits 1 and 2) provided in the broadest terms for arbitration of any disputes "arising out of or in connection with this Contract….":

> 25.  APPLICABLE LAW AND DISPUTE RESOLUTION:
>
> This Contract shall be governed by and construed in accordance with Title 9 of the United States Code and the Maritime Law of the United States and any dispute arising out of or in connection with this Contract shall be referred to three (3) persons at New York, Madrid o *[sic]* Singapore at the Seller *[sic]* exclusive option, one to be appointed by each of the parties hereto, and a third by the two so chosen; their decision or that of any two of them shall be final and for the purposes of enforcing any award, judgment may be entered on an award by any court of competent jurisdiction. The proceedings shall be conducted in accordance with the rules of the Society of Maritime Arbitrators, Inc. In cases where neither the claim nor any counterclaim exceeds the sum of USD 100,000 (or such other sum as the parties may agree), the arbitration shall be conducted in accordance with the Shortened Arbitration Procedure of the Society of Maritime Arbitrators, Inc.

Kleiner Decl., Ex. 2.

This broad arbitration provision gave petitioner the "exclusive option" for New York as the place of arbitration. Via email dated February 17, 2022 (Kleiner Decl., Ex. 3), petitioner duly demanded arbitration against respondent in New York of all disputes arising out of or in connection with the Contract, including, without limit, CEPSA's request to the New York arbitrators for a Declaration covering the following issues:

(a) that the bunkers supplied at Algeciras on or about December 22, 2021 to the M/V LEDRA conformed to the contractual quality specifications;

(b) that Chimbusco is obligated to remit full payment of CEPSA's invoice for such bunkers in the amount of US$768,600.00;

(c) that CEPSA has no liability whatsoever to Chimbusco under the Contract or otherwise;

(d) that, to the extent there is any liability (which is denied), such liability is limited in accordance with the Contract, including, among other things, Clause 16 thereof and/or due to the Buyer's failure to mitigate; and

(e) that CEPSA is entitled to recover from Chimbusco its expenses, including legal fees incurred as a result of the breaches of the Buyer's duty of good faith and fair dealing, including without limit the Buyer's refusal to mitigate losses.

In its arbitration demand, petitioner nominated Leo G. Kailas, Esq. of Reitler, Kailas & Rosenblatt LLP as arbitrator and called upon respondent to nominate the second arbitrator. Kleiner Decl., Ex. 3.

As set forth in paragraphs 16-24 of the Petition, respondent has refused to acknowledge its obligation to arbitrate and proceed with the arbitration. To the contrary, respondent initially reserved "the right to challenge jurisdiction of the arbitration." Kleiner Decl., Ex. 4. On March 8, 2022, to preclude petitioner from its contractual right to nominate the second arbitrator, respondent nominated George J. Tsimis as the second

arbitrator but subject to its reservation of rights, which it expanded to "including but not limited to the rights to challenge [petitioner's] purported commencement of the arbitration and/or the jurisdiction of the Tribunal." Kleiner Decl., Ex. 6.

As reflected above, respondent has refused and continues to refuse to acknowledge its obligation to proceed with the New York arbitration and has failed or refused to withdraw its expanded reservation of rights.

## ARGUMENT

The existence of an agreement to arbitrate is a matter of federal law and determined based on ordinary principles of contract and agency. *McAllister Bros., Inc. v. A&S Transp Co.,* 621 F.2d 529, 524 (2d Cir. 1980); *see also A/S Custodia v. Lessin Int'l, Inc.,* 503 F.2d 318, 320 (2d Cir. 1974); *Fisser v. Int'l Bank,* 282 F.2d 231, 233 (2d Cir. 1960). The Second Circuit has recognized a host of theories under which parties may be bound to arbitrate including incorporation by reference. *Thomson-CSF, S.A. v. American Arb. Assoc.,* 64 F.3d 773, 776 (2d Cir. 1995); *Astra Oil Co., Inc. v. Rover Nav., Inc.,* 344 F.3d 276 (2d Cir. 2003); *Choctaw Generation L.P. v. Am Home Ass. Co.*, 271 F.3d 403, 406 (2d Cir. 2001); *Smith/Enron Cogeneration L.P. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 98 (2d Cir. 1999). When the existence of an arbitration agreement is not subject to dispute, doubts as to enforceability of an arbitration agreement are resolved in favor of arbitration, reflecting the "liberal federal policy favoring arbitration agreements" as a means of settling disputes. *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.,* 460 U.S. 1, 24 (1983).

In the instant case, based on the parties' contemporaneous exchange of emails on December 14, 2021, there can be no colorable dispute that the parties entered into the

broad arbitration agreement set forth in Clause 25 of their Contract. As reflected above, respondent has refused and continues to refuse to acknowledge its obligation to proceed with the New York arbitration and has refused to withdraw its expanded reservation of rights, thereby entitling petitioner to the relief requested herein, pursuant to the FAA, 9 U.S.C. § 4 and §§ 201 *et seq.*, namely, an Order under §§ 4 and 206 of the FAA, directing respondent to proceed with the arbitration, in accordance with the parties' Contract, at the place provided, namely, New York.

      Therefore, petitioner, respectfully requests that the Court issue an Order:

      (a)    directing respondent to proceed with the pending arbitration in the City of New York; and

      (b)    granting such other relief as the Court may deem just and proper.

Dated:    New York, New York
             March 10, 2022

                      HILL, BETTS & NASH LLP

                      *Attorneys for Petitioner*

                      By  */s/ James D. Kleiner*
                           James D. Kleiner
                           Adam M. Wernicke
                           14 Wall Street, Suite 5H
                           New York, New York 10005
                           (212) 839-7000