UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In the Matter of the Arbitration

    -between-

COMPAÑÍA ESPAÑOLA DE PETRÓLEOS, S.A.,

                                  Petitioner,

    -and-

CHIMBUSCO PAN NATION PETRO-CHEMICAL CO. LTD,

                                  Respondent.

----------------------------------------------------------------x

__ CV ____ (___)

**PETITION UNDER TITLE 9 U.S.C. §§ 201 *ET SEQ.* AND/OR § 4 TO COMPEL ARBITRATION**

       The Petition of COMPAÑÍA ESPAÑOLA DE PETRÓLEOS, S.A. ("petitioner" or "CEPSA"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 4 and §§ 201 *et seq.* by and through its attorneys, Hill, Betts & Nash LLP, respectfully shows:

       1.     This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

       2.     Further or alternatively, this Court has original jurisdiction of this matter under 9 U.S.C. § 203, as this is a petition to compel arbitration under Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.*

       3.     At all times material herein, petitioner was and is a corporation organized and existing under the laws of Spain with its principal place of business in Madrid, Spain.

4. At all material times herein, upon information and belief, respondent CHIMBUSCO PAN NATION PETRO-CHEMICAL CO. LTD. ("respondent" or "Chimbusco") was and is a corporation organized and existing under the laws of Hong Kong, with an office and principal place of business in Hong Kong, People's Republic of China.

5. For purposes of enforcement of any arbitration award against either party, both Spain and the People's Republic of China (Hong Kong) are signatories to The New York Arbitration Convention on the Recognition and Enforcement of Foreign Arbitral Awards, New York, 10 June 1958 (which was also enacted into United States law, as Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 *et seq.*).

6. By contract dated on or about December 14, 2021 ("Contract"), petitioner, as seller, sold to respondent, as buyer, 1,400 metric tons (MT) very low sulfur fuel oil ("VLSFO") for delivery to the vessel M/V LEDRA ("Vessel") on or about December 21 and 22, 2021. Exhibits 1 and 2. (Exhibits 1-6 annexed to the accompanying declaration of counsel, James D. Kleiner, are incorporated by reference into this Petition and made a part hereof.)

7. On information and belief, respondent resold the VLSFO to the owners (White Coral Marine Ltd.) and/or managers (Transmed Shipping Company Ltd.) of M/V LEDRA (collectively, "Owners/Managers").

8. The Contract incorporated and is governed by CEPSA's General Terms and Conditions for Marine Bunker Sales 2017 (Revision 1.2, 2019 Amendments) ("GTCs"). Exhibit 2.

9. Clause 25 of the Contract provides that it shall be governed by and construed in accordance with "Title 9 of the United States Code and the Maritime Law of the United States."

10. Clause 25 of the Contract also provides, in the broadest terms, for arbitration of "any" dispute "arising out of or in connection with this Contract."

11. The full wording of Clause 25 of the Contract is as follows:

> 25. <u>APPLICABLE LAW AND DISPUTE RESOLUTION:</u>
>
> This Contract shall be governed by and construed in accordance with Title 9 of the United States Code and the Maritime Law of the United States and any dispute arising out of or in connection with this Contract shall be referred to three (3) persons at New York, Madrid o *[sic]* Singapore at the Seller *[sic]* exclusive option, one to be appointed by each of the parties hereto, and a third by the two so chosen; their decision or that of any two of them shall be final and for the purposes of enforcing any award, judgment may be entered on an award by any court of competent jurisdiction. The proceedings shall be conducted in accordance with the rules of the Society of Maritime Arbitrators, Inc. In cases where neither the claim nor any counterclaim exceeds the sum of USD 100,000 (or such other sum as the parties may agree), the arbitration shall be conducted in accordance with the Shortened Arbitration Procedure of the Society of Maritime Arbitrators, Inc.

12. Disputes arose between the parties after Owners/Managers alleged that the VLSFO delivered to the Vessel was off spec. Based on this allegation, Owners/Managers asserted a claim, inclusive of interest, costs, and attorneys' fees, against Chimbusco for $2,159,837.17.

13. At all material times, respondent has asserted a claim against petitioner for indemnification with respect to the claim asserted by Owners/Managers.

14. On January 25, 2022, Owners/Managers commenced suit against respondent on its off spec claim, in the United States District Court for the District of Delaware, seeking issuance of process of maritime attachment and garnishment of

respondent's assets up to the sum of $2,159,837.17. *White Coral Marine Limited et al. v. Chimbusco Pan Nation Petro-Chemical Co. Ltd..*, 1:22-cv-00100-UNA.

15. Via email dated February 17, 2022 (Exhibit 3), in accordance with Clause 25 of the Contract, petitioner duly demanded arbitration against respondent in New York of all disputes arising out of or in connection with the Contract, including, without limit, CEPSA's request to the New York arbitrators for a Declaration covering the following issues:

(a) that the bunkers supplied at Algeciras on or about December 22, 2021 to the M/V LEDRA conformed to the contractual quality specifications;

(b) that Chimbusco is obligated to remit full payment of CEPSA's invoice for such bunkers in the amount of US$768,600.00;

(c) that CEPSA has no liability whatsoever to Chimbusco under the Contract or otherwise;

(d) that, to the extent there is any liability (which is denied), such liability is limited in accordance with the GTCs, including, among other things, Clause 16 thereof and/or due to the Buyer's failure to mitigate; and

(e) that CEPSA is entitled to recover from Chimbusco its expenses, including legal fees incurred as a result of the breaches of the Buyer's duty of good faith and fair dealing, including without limit the Buyer's refusal to mitigate losses.

16. In its arbitration demand, CEPSA nominated, as arbitrator, Leo G. Kailas, Esq. of Reitler, Kailas & Rosenblatt LLP, New York, and called upon respondent to nominate the second arbitrator.

17. On March 3, 2022, respondent's Hong Kong solicitors, Clyde & Co, emailed petitioner's New York counsel requesting a 21-day extension of time in which to nominate the second arbitrator but refusing to agree to making such nomination if the extension were granted; and, to the contrary, stating that respondent expressly reserves "the right to challenge jurisdiction of the arbitration." Exhibit 4.

18. In response, on March 4, 2022, counsel for petitioner emailed respondent's solicitors, giving notice that

> CEPSA's February 17 appointment of New York Arbitrator, Leo G. Kailas, was made pursuant to the parties' contract and Section 10 of the incorporated SMA Rules, which requires the other party (Chimbusco) to appoint an arbitrator within twenty (20) days of receipt of that notice (i.e., on or before March 9), failing which CEPSA, as the party demanding arbitration, may appoint a second arbitrator with the same force and effect as if that second Arbitrator were appointed by the other party.

Exhibit 5.

19. Given the clear contractual right to New York arbitration, CEPSA strongly objected to Chimbusco's suggestion that it might later contest or interfere with this obvious jurisdictional right. Exhibit 5.

20. CEPSA stated it would be willing to consider an extension of time for Chimbusco to appoint the second arbitrator, providing Chimbusco first confirmed its acceptance of its obligation to arbitrate in New York and that if an extension were granted, Chimbusco would indeed timely appoint such arbitrator and proceed in good faith with the arbitration. Exhibit 5.

21. Petitioner's counsel requested Chimbusco's confirmation by return email of its willingness to appoint the second arbitrator and proceed in good faith with the arbitration. Exhibit 5.

22. On or about March 8, 2022, to prevent petitioner from exercising its contractual right to nominate the second arbitrator, Clyde & Co nominated George J. Tsimis, GJT Marine Consultants LLC, as the second arbitrator on behalf of respondent. Exhibit 6.

23. However, respondent's nomination of the second arbitrator was subject to respondent's expanded reservation of rights "including but not limited to the rights to challenge [petitioner's] purported commencement of the arbitration and/or the jurisdiction of the Tribunal." Exhibit 6.

24. As reflected above, respondent has refused and continues to refuse to acknowledge its obligation to proceed with the New York arbitration and has refused to withdraw its expanded reservation of rights, thereby entitling petitioner to the relief requested herein.

25. Petitioner has duly performed all of its obligations in accordance with the terms of the Contract.

**WHEREFORE**, petitioner requests that the Court issue an Order:

(a) directing respondent to proceed with the pending arbitration in the City of New York; and

(b) granting such other relief as the Court may deem just and proper.

Dated: New York, New York
March 10, 2022

        HILL, BETTS & NASH LLP

        *Attorneys for Petitioner*

        By  */s/ James D. Kleiner*
            James D. Kleiner
            Adam M. Wernicke
            14 Wall Street, Suite 5H
            New York, New York 10005
            (212) 839-7000